**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————

No. 01-40600
Summary Calendar

—————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFON JAMAIL WEBER,

Defendant-
Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-96-1
--------------------------------------------------------
March 12, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Cliffon Jamail Weber appeals his conviction and sentence for conspiring to commit, and committing, a carjacking resulting in serious bodily injury and using a firearm to commit a crime of violence. Weber contends that the evidence was insufficient to support his convictions, the district court erred in admitting evidence of his alleged threat to a codefendant, and the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2B3.1(b)(3)(B) for causing serious bodily injury to the victim.

There is no merit to Weber's contention that there was insufficient evidence to support his convictions for carjacking, conspiracy, and using a firearm to commit a crime of violence because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government failed to negate his claim of self-defense with respect to the carjacking and conspiracy convictions. Even assuming that Weber satisfied his burden of producing evidence supporting his claim of self-defense, the Government presented testimony which, when viewed in the light most favorable to the verdict, was sufficient to negate Weber's self-defense claim. See United States v. Ortega-Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Branch, 91 F.3d 699, 714 n.1 (5th Cir. 1996); United States v. Liu, 960 F.2d 449, 454 (5th Cir. 1992).

There is likewise no merit to Weber's contention that the district court erred in admitting his codefendant's testimony that Weber had threatened to "jump him" if he testified against him. Because the testimony in question was introduced on redirect examination to rebut the defense's impeachment of the codefendant's credibility and there was no unfair advantage to the Government or unfair surprise to the defense, the district court did not abuse its broad discretion in admitting the challenged evidence. See United States v. Barrentine, 591 F.2d 1069, 1081-82 (5th Cir. 1979).

Finally, the district court did not clearly err in finding that Weber caused his victim serious bodily injury by shooting him in the leg at close range. See U.S.S.G. § 1B1.1, comment. (n.1(j)); United States v. Parker, 133 F.3d 322, 329-30 (5th Cir. 1998). The district court's application of the four-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(3)(B) was therefore proper.

The judgment of the district court is AFFIRMED.